IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT MANCIL, | |
| Petitioner | |
| VS. | NO. 5:05-CV-375 (WDO) |
| TIMOTHY WARD, Warden, | |
| Respondent | PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Petitioner ROBERT MANCIL has filed a petition seeking federal habeas corpus relief (Tab #1) and a Brief in support of his petition (Tab #9). He has sued TIMOTHY WARD, Warden of Johnson State Prison in Wrightsville, Georgia, alleging numerous grounds that he claims entitle him to federal habeas corpus relief. Respondent WARD has filed an answer/response to the petitioner's petition. Tab #9. After careful consideration, the undersigned recommends that the petitioner's petition be **DENIED**.

## I. Procedural History

On July 13, 1999, a Bleckley County grand jury returned a true bill of indictment against the petitioner, charging him with four counts of first degree arson. The petitioner's trial began on May 22, 2000, and on May 23, 2000, he was convicted by a jury on one count of the indictment. The jury found him not guilty on the remaining three counts, and the trial court sentenced him to 18 years in prison. The petitioner appealed his conviction to the Georgia Court of Appeals, citing seven errors. The Court of Appeals affirmed the petitioner's conviction and sentence on May 24, 2002. *Mancil v. State*, No. A02A1230 (Ga. App. May 24, 2002).[1]

---

[1] In its decision the Georgia Court of Appeals found that:

> Viewed in the light most favorable to support Mancil's conviction, the record reveals the following: During the evening of March 9, 1998, the victim's mobile home was damaged by fire. The victim had not yet moved into her home and electricity to the home was turned off. An arson investigator determined that the fire began in the bedroom closet. The investigator eliminated accidental

The petitioner then filed a state habeas corpus petition, which he later amended, on February 4, 2003, challenging his conviction. On November 3, 2004, after an evidentiary hearing, the habeas corpus court denied relief. The Georgia Supreme Court denied the petitioner's application for a certificate of probable cause to appeal on September 20, 2005. The petitioner filed the instant petition on September 27, 2005. Since the petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), it will be reviewed pursuant to the standards of the Act.

## II. Need for an Evidentiary Hearing

Petitioner has filed a motion seeking an evidentiary hearing . Tab #10. Under the AEDPA, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the

---

causes and opined that the fire was started with "available combustibles." That is, items found from the victim's home, including some draperies, were gathered together and intentionally set on fire.

Minutes before the fire began, two witnesses observed Robert Mancil running from the victim's home. One witness said Mancil was "bent running," like he was "doing something." The witnesses, who were in the parking lot of a business across the street, also observed Mancil's girlfriend's car parked on a dirt road behind the home. Moments later, the witnesses saw Mancil's girlfriend's car pass slowly up and down the street three times. Mancil and his girlfriend then drove to the business parking lot where the witnesses were, got out of the car, and watched the blaze engulf the victim's home. Witnesses testified that Mancil stood on a dirt hill, smoked a cigarette as he watched the home burn, and appeared to the fire was amusing.

Witnesses testified that Mancil bragged about setting fire to the victim's home and to two other neighboring homes. He even referred to the victim's fire as "beautiful." The victim's neighbors' homes burned on March 15 and June 2, 1998. One of the neighboring homes, set ablaze by "Molotov cocktails" made from beer bottles and gasoline, was occupied at the time by a sleeping family. Witnesses testified that Mancil had made racist comments in the past, suggesting that he was motivated by racial hatred to commit arson. The victims are black; Mancil is white. Shortly after the second fire, someone spray-painted "K K K" on a neighboring property's "for sale" sign. One witness, although he recanted at trial, told investigators that he overheard his uncle and Mancil plotting to commit arson to keep black people from moving into area. In fact, Mancil's girlfriend testified that if Mancil ever saw her talking to "niggers," he would "burn her and her children alive."

Resp. Ex. #9 at 3-4

Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case. Therefore, petitioner's motion is DENIED.

### III. Legal Standards
### Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. Discussion
### 1.  Procedurally Defaulted Claims

The undersigned notes that the state habeas corpus court has found Grounds 1, 2, and 6 of the petition at bar to be procedurally defaulted.  The Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Supreme Court has declined to essay a comprehensive list of circumstances that would justify a finding of cause. *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986). However, the Court has made it clear that the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

3

In other words, cause requires a showing of some external impediment preventing counsel from constructing or raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented the petitioner from raising the claim. *Murray v. Carrier*, 106 S.Ct. at 2645.

To show prejudice, a federal habeas petitioner generally must show that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

A federal court can also consider claims that have been procedurally defaulted at the state court level if a resulting fundamental miscarriage of justice would occur if it did not consider them. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *See also Aldridge v. Dugger*, 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of someone actually innocent. *Murray v. Carrier*, 106 S.Ct. at 2649.

The court directed petitioner to demonstrate cause and prejudice in an order filed December 28, 2005. Tab #14. Petitioner thereafter responded to the court's order. Tab #16. After thoroughly reviewing petitioner's response, the undersigned concludes that he has not demonstrated cause and prejudice to excuse his procedurally defaulted claims.

## 2. Sufficiency Of The Evidence

In Ground 4 the petitioner contends that substantial evidence did not support his conviction for arson. As a federal habeas court, our review of the petitioner's conviction is limited to a consideration of whether the evidence is sufficient as a matter of federal constitutional law. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987). *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781,

61 L.Ed.2d 560 (1979). Our task in addressing such a claim on habeas review is to determine whether any rational trier of fact would have found proof of guilt beyond a reasonable doubt. In applying this test, we are required to review the evidence in the light most favorable to the prosecution.

Federal courts have consistently reiterated that this standard for weighing the constitutional sufficiency of evidence is a limited one. It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. Faced with a record of historical facts that support conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the jury's judgment as The simple fact that the evidence gives some support to  to the weight and credibility of the evidence. the defendant's theory of innocence does not warrant the grant of habeas relief. *Wilcox*, 813 F.2d at 1143.

The Court of Appeals correctly found that petitioner's conviction was supported by the evidence. Resp. Ex. #9 at 4. In arriving at its decision, the Court of Appeals cited *Lowe v. State*, 476 S. E. 2d 583 (Ga. App. 2000), which relies on *Jackson v. Virginia*, 443 U.S. 307 (1979), for evaluating sufficiency of the evidence. Further, the appeals' court's decision is not an unreasonable determination of the facts in light of the evidence.

In Ground 5 the petitioner contends that the appellate court improperly used facts not in evidence to affirm his conviction. The petitioner contends that using the statement of a witness who recanted at trial was improper.[2] "In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was material in the sense of a crucial, critical, highly significant factor." *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir.1983) (internal punctuation and citation omitted). The undersigned finds that the evidence in question was not crucial, critical or highly significant to the appellate court decision but rather bolstered the case against the petitioner.

---

[2] The appeals court decision states that, "One witness, although he recanted at trial, told investigators that he overheard his uncle and Mancil plotting to commit arson to keep black people from moving into the area."

5

After a review of the record and the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is not entitled habeas relief on his sufficiency of the evidence claims.

### 3. Ineffective Assistance of Appellate Counsel

In Ground 3, the petitioner claims that his sixth amendment rights were violated when his appellate attorney raised an "obviously weak argument" and failed to raise other arguments that the petitioner felt were stronger.

It is well settled that a petitioner setting forth an ineffective assistance of counsel claim must prove two separate things in order to merit habeas corpus relief. First, he must show that his counsel's performance fell below an objective standard of reasonableness. In that regard, a strong presumption exists that counsel rendered adequate assistance. The courts must also be mindful that a fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight. The circumstances of the challenged conduct should also be reconstructed and the conduct evaluated from the counsel's perspective at the time.

Next, a petitioner must show that he suffered prejudice from the alleged deficiencies of his attorney. To prove prejudice, the petitioner bears a heavy burden: he must show that there is a reasonable probability that but for the enumerated errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Nelson v. Nagle*, 995 F.2d 1549, 1554 (11th Cir. 1993); *Waters v. Zant*, 979 F.2d 1473, 1490 (11th Cir. 1992); *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988).[3]

---

[3]The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. The petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). *See also Esslinger v. Davis*, 44 F.3d 1515 (11th Cir. 1995).

The state habeas corpus court found that petitioner's claims of ineffective assistance of counsel had no merit. Resp. Ex. #4 at 4-7. Citing Georgia state cases that rely on *Strickland,* the state court applied the correct legal standard to the petitioner's claims. Further, the habeas court's finding is not contrary to or an unreasonable application of Supreme Court precedent.

In assessing whether petitioner's counsel was ineffective, the habeas court held that "the ignored issues were not clearly stronger than the errors presented ," and that "appellate counsel's decisions as to which issues to raise on appeal were reasonable tactical moves which any competent attorney in the same situation would have made." Resp. Ex. 4 at 7. In coming to this conclusion, that court used the correct standard.[4] After a review of the record and the standards set forth in 28 U.S.C. § 2254(d), the undersigned agrees with the state habeas court and finds that the petitioner is not entitled habeas relief on his ineffective assistance of counsel claims.

For the reasons hereinabove set forth, IT IS RECOMMENDED that the petition of ROBERT MANCIL for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

---

[4]The state habeas court noted the following:

> The law is well established that it is the appellate attorney's decision as to what issues should be raised on appeal and, like other strategic decisions, is presumably correct absent a showing to the contrary by the Petitioner. Indeed, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy ... Therefore, in determining ...whether appellate counsel's performance was deficient, the question is not whether an appellate attorney's decision was correct or wise, but rather whether the decision was an unreasonable one which only an incompetent attorney would adopt. Resp. Ex. #4 at 5 (internal punctuation and citations omitted).

SO RECOMMENDED, this 2nd day of MAY, 2006.[5]



```
                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE
```

---

[5]Plaintiff has filed two motions herein asking the court to permit him to submit the felony conviction record of Debra Ford, a witness at his trial. However, her conviction record only has relevance to claims which have been found to be procedurally defaulted. Therefore, plaintiff's motions (Tabs #13 and #20) are DENIED.